CODY Z. WINCHESTER (7197)
JARED L. CHERRY (11534)
**PHILLIPS RYTHER & WINCHESTER**
600 East 124 South
Salt Lake City, Utah 84102
Tel:  (801) 935-4935
Fax: (801) 935-4936
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| **THE VOID LLC**, a Utah Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> **INTO THE VOID FX LLC**, a Minnesota Limited Liability Company, <br><br> Defendant. | Civil Action No. 2:16-cv-01050-DB <br><br> Judge Dee Benson |

## COMPLAINT

Plaintiff The Void, LLC ("The Void") for its claims against defendant Into the Void FX LLC ("Into the Void FX") alleges as follows:

## NATURE AND SUBSTANCE OF THE ACTION

1.     The Void files this complaint against Into the Void FX for trademark infringement, false designation of origin, and unfair and deceptive trade practices in violation of Utah statutory and common law.  The Void seeks damages, injunctive relief, recovery of its attorneys' fees and costs, and other appropriate relief.

2.      The Void further seeks a declaratory judgment holding that it is entitled to nationwide priority of use of THE VOID mark.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the claims relating to the Lanham Act (15 U.S.C. §§1125, et. seq.) pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. § 1338(a) (any act of Congress relating to copyrights, patents, and trademarks). This Court has subject matter jurisdiction over the related state law claims under 28 U.S.C. § 1367 (action asserting a state claim of unfair competition joined with a substantial and related federal claim under the patent, copyright, or trademark laws).

4.      This action arises out of wrongful acts committed by Into The Void FX that are intentionally targeted at The Void in this District that subject Into The Void FX to personal jurisdiction here.

5.      Jurisdiction is appropriate under the "effects" test, according to which a defendant may be subject to jurisdiction where the defendant knowingly directs tortious activity at a plaintiff in the forum state. *Calder v. Jones*, 465 U.S. 783, 790 (1984) (defendants "must reasonably anticipate being haled into court" in a state in which the "focal point of the injuries resulting from their intentional conduct" occurs); *Systems Designs, Inc. v. New Customware Co., Inc.*, 248 F. Supp.2d 1093 (D. Utah 2003) (analyzing "effects" test under *Calder* and finding "by using a Utah mark, the brunt of any confusion would be felt in Utah"). The Court in *New Customware* further explained that a trademark owner that has "taken the time and resources to register its trademark, should not be required to travel to distant locations where potential infringers might be located to defend its mark." *Id.* at 1099.

6.      In addition to infringing "a Utah mark," Defendant has also filed a petition for cancellation[1] of various trademark registrations owned by The Void in connection with a scheme to extort money from The Void.  It has been held that even a single act, such as registering a domain name, when coupled with an effort to extort money can provide sufficient grounds to establish jurisdiction under the "effects" test set forth in *Calder.  See Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (holding defendant that registered domain name in connection with scheme to extort money from Panavision in California was subject to personal jurisdiction under the *Calder* "effects" test).

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

8.      Plaintiff The Void is a Utah limited liability company with its principal place of business in Lindon, Utah.

9.      Defendant Into the Void FX is a Minnesota limited liability company.

10.     Defendant Into the Void FX does not appear to have a principal place of business. The only addresses provided in the documents filed by Into the Void FX with the Minnesota Office of the Secretary of State show the address of registered agent services company, Paracorp Incorporated, and the address of the law office of counsel for Into the Void, Venable LLP.

---

[1] A copy of the petition for cancellation filed by Defendant is attached as Exhibit A.

3

## FACTS COMMON TO ALL CLAIMS
### *The Void's Trademark Rights*

11.     The Void has developed innovative immersive technology and offers related

services under the trademark THE VOID.

12.     The Void has obtained federal trademark registrations for THE VOID

specifically relating to virtual reality and augmented reality software (Int'l. Class 009) and

reciting related entertainment services (Int.'l Class 041), including the specific registrations

listed in Table 1, below.

| Table 1 | | | |
|---|---|---|---|
| **Mark** | **Serial No. Reg. No.** | **Filing Date / Reg. Date** | **Goods and Services** |
| THE VOID | 86/394,716 / 4,875,421 | Sep. 15, 2014 / Dec. 22, 2014 | IC 041: Entertainment services, namely, providing virtual environments in which users can interact for recreational, leisure or entertainment purposes |
| THE VOID | 86/394,693 / 4,918,987 | Sep. 15, 2014 / Mar. 15, 2016 | IC 009: Augmented reality software for use in mobile devices for integrating electronic data with real world environments for the purpose of generating augmented reality environments in which users can interact for recreational, leisure or entertainment purposes. |
| THE VOID  | 86/518,836 / 4,878,613 | Jan. 29, 2015 / Dec. 29, 2015 | IC 009: Virtual reality and augmented reality software for use in mobile devices for integrating electronic data with real world environments for the purpose of generating virtual and augmented environments in which users can interact for recreational, leisure or entertainment purposes. IC 041: Entertainment services, namely, providing virtual reality and augmented reality environments in which users can interact for recreational, leisure or entertainment purposes. |

4

13.     Copies of the certificates of registration for the above-listed registrations are attached hereto as Exhibit B and are referred to hereafter as The Void Registrations.

14.     In addition to the above-listed trademark registrations, The Void has filed intent-to-use trademark applications with the United States Patent and Trademark Office, including the applications listed in Table 2, which are referred to hereafter as The Void Applications.

| Table 2 | | | |
|---|---|---|---|
| **Mark** | **Serial No.** | **Filing Date** | **Goods and Services** |
| VOID Productions | 86/652,377 | 6/4/2015 | IC009:  Interactive game programs IC041:  Entertainment services, namely, providing virtual reality and augmented reality environments in which users can interact for recreational, leisure, entertainment, educational, or training purposes; Entertainment services in the nature of development, creation, production and post-production services of multimedia entertainment content; Film and video production |
| VOID STUDIOS | 86/814,342 | 11/9/2015 | IC009: Interactive game programs; Downloadable electronic game software for use on mobile and cellular phones and on mobile computing devices IC041:  Entertainment services, namely, providing virtual reality and augmented reality environments in which users can interact for recreational, leisure, entertainment purposes; developing training systems and learning methodologies for others; Entertainment services in the nature of development, creation, production and postproduction services of multimedia entertainment content; Film and video production |

15.     The Void and its technology have received extensive media coverage over the past two years.  For example, The Void and its technology have been featured in the specific articles listed in Table 3, below.

| Table 3 | | |
|---|---|---|
| **Publication** | **Title** | **Link** |
| Time | *I Experienced the Future of Virtual Reality By Becoming a Ghostbuster* | http://time.com/4408043/ghostbusters-dimension-review-the-void/ |
| Forbes | *A Review Of 'Ghostbusters: Dimension': The Crazy New Free-Roaming VR Installation* | http://www.forbes.com/sites/sethporges/2016/07/01/a-review-of-ghostbusters-dimension-the-crazy-new-walk-through-vr-experience/#51c85b783a5b |
| The Washington Post | *The Void's creator details his vision for unleashing virtual reality's full potential* | http://www.washingtonpost.com/blogs/innovations/wp/2015/05/08/the-voids-creator-details-his-vision-for-unleashing-virtual-realitys-full-potential/ |
| CNet | *Virtual reality theme park will give visitors 'Matrix'-like powers* | http://www.cnet.com/news/virtual-reality-theme-park-will-give-visitors-matrix-like-powers/ |
| Business Insider | *This insane virtual reality theme park lets you fight dragons and fly spaceships* | http://www.businessinsider.com/void-virtual-reality-theme-park-lets-you-fight-dragons-and-fly-spaceships-2015-5#ixzz3f7sWZVCg |
| MTV News | *Will This Virtual Reality Theme Park Replace Movie Theaters Someday?* | http://www.mtv.com/news/2153128/void-virtual-reality-interview/ |
| Forbes | *Enter The VR 'Void' To See The Future* | http://www.forbes.com/sites/stevenrosenbaum/2016/02/22/enter-the-vr-void-to-see-the-future/#23daadfa7091 |
| Rolling Stone | *'Ghostbusters': Cross the Streams at Virtual Reality Experience* | http://www.rollingstone.com/culture/features/ghostbusters-cross-the-streams-at-virtual-reality-experience-20160509#ixzz48NpbrhGE |

16.     Sony Pictures recently commissioned The Void to create *Ghostbusters:*
*Dimension*, a multiplayer virtual reality experience that transports users into the world of the film
franchise, armed with proton packs and ghost traps to hunt down a "paranormal villain" hiding in
a New York apartment complex.  Recently, in July 2016, the *Ghostbusters: Dimension*
experience opened at Madam Tussaud's world-famous museum in Times Square, New York
City.

17.     The Void has expended significant effort and made a substantial investment in
promoting its marks.  As a result of The Void's effort, together with the substantial investment in
developing related technology, The Void's Marks have become widely known and recognized.

### *The Void Opposes Defendant's Attempt to Register a Confusingly Similarly Mark*

18.     Defendant filed a trademark application on April 21, 2015, for the mark INTO
THE VOID FX in connection with the goods and services identified in Table 4.

| Table 4 | | | |
|---|---|---|---|
| **Mark** | **Serial No.** | **Filing Date** | **Goods and Services** |
| INTO THE VOID FX  | 86/605,205 | 4/21/2015 | IC 041: Entertainment services, namely, production of digital special effects specializing in VFX including model-making services, computer-generated imagery and computer-generated graphics for the production of motion pictures, videos, television programs and movie trailers; Entertainment, namely, preparation of digital special effects specializing in VFX for film and television. |

19.     The Void filed an opposition proceeding following publication of the INTO THE VOID FX and DESIGN application (the "Opposition Proceeding").  A copy of the notice of opposition filed by The Void is attached as Exhibit C.

20.     During the pendency of the opposition, and after Into the Void FX had actual knowledge of The Void's trademark rights, Into the Void FX filed another trademark for the mark INTO THE VOID FX and DESIGN in connection with the goods listed in table 5.

| Table 5 | | | |
|---|---|---|---|
| **Mark** | **Serial No.** | **Filing Date** | **Goods and Services** |
| INTO THE VOID FX  | 87/181,540 | 9/23/2016 | Advertising and consulting services, namely, production for others of digital special effects specializing in VFX including model-making services, computer-generated imagery and computer-generated graphics, digital cinema package (DCP), 3D stereoscopic alignment, color grading, editing, motion graphics, ___360/VR videos___, animation, pre-roll ads, motion graphics, ___pre-production___, pre-visualization, storyboarding, animatics, production, ___post-production___, project workflows, ___hardware/software solutions___, social marketing, and ___research and development for and related to the production of television commercials, motion pictures, videos, television programs___, movie trailers, video games, toys, and internet content. |

21.     The emphasized goods and services recited in the '540 application directly compete with the goods and services recited in The Void Registrations and The Void Applications.

8

22.     Further, Into the Void FX updated its website to refer to its "360/VR videos" long after Into The Void FX had actual knowledge of the goods and services offered under The Void Registrations.  A copy of the website displayed at www.intothevoidfx.com is attached hereto as Exhibit D.

***Defendant Admits to Making False Representations to the USPTO Under Penalties of Perjury Relating to the Date of First Use in Commerce of the INTO THE VOID FX Mark***

23.     In connection with the '205 trademark application, Into the Void FX attested under penalty of perjury that its use in commerce of the INTO THE VOID FX and DESIGN mark began on February 11, 2010.  A copy of the '205 application, which attests to the alleged date of first use in commerce, is attached as Exhibit E.

24.     In the Opposition Proceeding, The Void specifically challenged the allegation that the INTO THE VOID FX and DESIGN mark was in use in commerce on February 11, 2010.  A copy of an email exchange between counsel for the parties related to this topic is attached hereto as Exhibit F.

25.     Into the Void FX's answers to interrogatories and requests for the production of documents establish that the INTO THE VOID FX and DESIGN mark was not in use in commerce as of February 11, 2010.

26.     Specifically, Into the Void FX responded as follows to an interrogatory relating to the date of first use of the INTO THE VOID and DESIGN mark.

Interrogatory No. 1. Describe in detail the facts on which you rely to support the contention that the INTO THE VOID FX and DESIGN mark was in use in commerce at least as early as February 11, 2010.

ANSWER: Without waving any objection, at the end of 2009 and beginning of 2010, Applicant's Production company became a visual effects company.

9

> Applicant *and his business partner signed the "Operating & Member Control Agreement" on February 11, 2010 and Applicant began doing business under the name Into the Void FX. Around that same time, Applicant hired the graphic design artist Christopher Whurr to create illustrations for potential design marks for "Into the Void, FX."*

Exhibit G (emphasis added).

27.     Further, according to an invoice from Christopher Whurr produced by Into the Void FX, a copy of which is attached hereto as Exhibit H, the "Completion Date" for the INTO THE VOID FX and DESIGN mark was October 28, 2010—*i.e.*, more than eight months after the alleged date of first use of the mark in commerce.

28.     The invoice from Christopher Whurr further establishes that the design of the INTO THE VOID FX and DESIGN was not even started until "April/June 2010"—*i.e.*, more than three months after the alleged date of first use of the mark in commerce.

29.     Counsel for The Void wrote to counsel for Into the Void FX on September 21, 2016, and identified case law supporting the well-established rule that a private agreement between business partners is not a "use in commerce" under the Lanham Act.  A copy of this message is attached as Exhibit I.

30.     During a telephone conversation on September 21, 2016, counsel for Into the Void FX specifically conceded that a private agreement among business partners is not a "use in commerce" under the identified case law.

31.     Counsel for Into the Void FX also conceded that the invoice from Christopher Whurr established that the INTO THE VOID FX and DESIGN mark was not even created until several months after the alleged date of first use of the INTO THE VOID FX and DESIGN mark in commerce.

10

32.     In spite of these concessions, counsel for Into the Void FX refused to agree to abandon the '205 Application.

33.     Counsel for Into the Void FX asserted that use in commerce of the INTO THE VOID FX and DESIGN mark is allegedly established by an invoice to "Schockwave [sic] Darkside Productions," dated December 15, 2010— *i.e.*, more than ten months after the date of use attested to in the application.  A copy of the invoice is attached hereto as Exhibit J.

34.     The invoice bears several indicia of <u>*not*</u> being genuine.

35.     First, the name of "Schockwave [sic] Darkside Productions" appears to be misspelled and no address or other contact information is provided.

36.     Second, according to the petition for cancellation filed by Defendant, Into the Void FX was allegedly conducting business as "Into the Void Productions LLC" in 2010, not as "Into the Void LLC," as listed on the invoice.  *See* Exhibit A, at ¶ 2 ("On February 11, 2010, [Defendant] registered with the Minnesota Secretary of State office as INTO THE VOID PRODUCTIONS LLC.").

37.     Third, the film Shockwave, Darkside was not released until 2016 (*i.e.*, more than five years after the invoice), and the "teaser" was not released until June 27, 2014 (*i.e.*, more than three years after the invoice).  See Exhibits K and L.

38.     Finally, the invoice number is the same (*i.e.,* "001") as the only other invoice produced by Into the Void, which is dated March 8, 2016.  *See* Exhibit M.

39.     Even if the invoice dated December 15, 2010, is genuine, the only evidence of alleged use of the mark produced by Defendant establishes a presumption of abandonment of the

mark under the Lanham Act.  *See* 15 U.S.C. § 1127 ("Nonuse for 3 consecutive years shall be prima facie evidence of abandonment.").

40.     Into the Void FX has produced only two invoices (*i.e.*, one invoice from 2010 and one invoice from 2016) in support of its position that its use of the INTO THE VOID FX and DESIGN mark predates the filing of the trademark application for THE VOID mark.  These invoices establish nonuse for six consecutive years.

41.     Two transactions separated by six years constitute *de minimis* use insufficient to give rise to trademark rights.  *See, e.g., Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F. 3d 1047, 1054-55 (6th Cir. 1999) ("A party establishes a common law right to a trademark only by demonstrating that its use of the mark was deliberate and continuous, not sporadic, casual or transitory."); *La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1272 (2d Cir. 1974) (finding 89 sales in 20 years amounted to "meager trickle of business [that did not] constitute[] the kind of bona fide use intended to afford a basis for trademark protection"); *Major League Baseball Props. v. Opening Day Prods.*, 385 F. Supp.2d 256, 266 (S.D.N.Y. 2005) (finding $3000 in sales de minimis and insufficient use to entitle mark to protection); *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00 Civ. 7909, 2001 WL 830667, at *6 (S.D.N.Y. July 23, 2001) (finding sale of 8 pieces of luggage for $760 insufficient to establish "use in commerce"), *aff'd* 45 F. App'x 42 (2d Cir. 2002) (summary order).

42.     Defendant alleges that it is the successor in interest to Into the Void Productions LLC, which was administratively dissolved on February 11, 2012.  A copy of the corporate entity record for Into the Void Productions LLC is attached as Exhibit N.

43.     According to the Cancellation Proceeding, Into the Void FX was incorporated in Delaware on January 24, 2014—*i.e.*, 23 months after the dissolution of Into the Void Productions LLC.  Exhibit A at ¶ 4.

44.     Accordingly, the predecessor corporate entity on which Defendant allegedly relies to establish priority lapsed for a period of twenty-three months during the six-year gap between the invoices that allegedly establish use of the INTO THE VOID FX and DESIGN mark.

45.     Into the Void FX has not produced any evidence that any trademark rights passed from Into the Void Productions LLC to Into the Void FX.

46.     Still further, Into the Void FX created numerous "motion pictures" and "videos;" however, Into the Void FX failed to apply the INTO THE VOID FX and DESIGN mark to any of those works.

47.     Into the Void specifically conceded in response to Requests for Admission served in the Opposition Proceeding that each of the following "motion pictures" or "videos" was created after the alleged date of first use in commerce of the INTO THE VOID FX and DESIGN mark.  See Exhibit O, at Request for Admission Nos. 10, 12, 14, and 15.

| Title | Available at |
|---|---|
| *Beware, the Watchers Trailer* | https://vimeo.com/21597200 |
| *SWDS Anaglyph Sizzle Reel* | https://vimeo.com/33230460 |
| *Into the Void FX, VFX Reel, Public* | https://vimeo.com/35582784 |
| *ITV VFX Private Reel* | https://vimeo.com/35582974, |

48.     In spite of the allegation that the INTO THE VOID FX and DESIGN mark was in use in commerce for goods and services relating to "motion pictures" or "videos," none of the

foregoing "motion pictures" or "videos" bear or include the INTO THE VOID FX and DESIGN mark.

### The INTO THE VOID FX and DESIGN Mark is
### Confusingly Similar to The Void Registrations

49.     The INTO THE VOID FX and DESIGN is highly similar in sound, appearance, and connotation to The Void Registrations.

50.     The dominant portion of the INTO THE VOID FX and DESIGN mark is "THE VOID," which is identical to The Void Registrations.

51.     Defendant's INTO THE VOID FX and DESIGN mark differs from The Void Registrations by only two words, i.e., INTO and FX.

52.     Defendant conceded that the term FX in the INTO THE VOID FX and DESIGN mark is merely descriptive of the services by disclaiming the term in an office action response filed on November 25, 2016.

### FIRST CLAIM FOR RELIEF
(Federal Trademark Infringement and Counterfeiting under 15 U.S.C. § 1114)

53.     The allegations set forth above are incorporated herein by this reference.

54.     The Void Registrations are inherently distinctive, are arbitrary and fanciful, and have acquired secondary meaning.

55.     The public associates The Void Registrations exclusively with The Void's products and services.  This is a result of the inherent distinctiveness of The Void's Registrations and of distinctiveness acquired through extensive advertising, sales, and use in commerce

14

throughout the United States and beyond in connection with products and services bearing or using The Void Registrations.

56.     Into the Void FX's misappropriation of The Void Registrations has been, and continues to be, done with the intent to cause confusion and mistake, and to deceive consumers concerning the source and/or sponsorship of Into the Void FX's products and services. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

57.     As a direct and proximate result of Defendant's conduct, The Void has suffered irreparable harm to The Void Registrations.  Unless Defendant is restrained from further infringement of The Void Registrations, The Void will continue to be irreparably harmed.

58.     The Void has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue.

59.     As a direct and proximate result of Defendant's conduct, The Void is entitled to damages, treble damages, the equitable remedy of an accounting for, and disgorgement of, all revenues and/or profits wrongfully derived by Defendant from its infringement of The Void Registrations, and recovery of its attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
(False Designation of Origin under 15 U.S.C. § 1125(a))

60.     The allegations set forth above are incorporated herein by this reference.

61.     Defendant has used and is continuing to use in commerce false and misleading designations of origin concerning Defendant's products and services and The Void's products and services.

15

62. Defendant's false designations of origin have caused actual confusion and will continue to cause actual or likely confusion regarding the affiliation, connection, or association of Defendant's products and services with The Void or as to the origin, sponsorship, or approval of Defendant's products and services.

63. Defendant has caused and will continue to cause its false and misleading designations of origin and descriptions of fact to enter interstate commerce.

64. The Void has been or is likely to be injured as a result of the false and misleading designations of origin and descriptions of fact, either by direct diversion of sales from itself to Defendant or by a lessening of the goodwill associated with The Void's products and services.

65. Defendant's acts constitute false designation of origin and/or sponsorship in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

66. By reason of Defendant's actions, The Void has suffered irreparable harm to The Void Marks. Unless Defendant is restrained from its actions, The Void will continue to be irreparably harmed.

67. The Void has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendant's acts are allowed to continue, and is, thus, entitled to both a preliminary and permanent injunction.

68. As a direct and proximate result of Defendant's conduct, The Void is entitled to damages, treble damages, statutory damages, and the equitable remedy of an accounting for, and disgorgement of, all revenues and/or profits wrongfully derived by Defendant from its false designations of origins, and recovery of its attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

16

## THIRD CLAIM FOR RELIEF

(Unfair Competition under Utah Code Ann. § 13-5a-101, *et seq.*)

69.     The allegations set forth above are incorporated herein by this reference.

70.     Defendant simulated The Void Marks, thereby deceiving and misleading the public.

71.     Defendant's actions as described above constitute unfair competition as a matter of Utah common law.

72.     As a result of Defendant's conduct, The Void will continue to suffer damage to The Void's reputation and loss of business because of consumer confusion as to the origin, sponsorship, approval, nature, characteristics, or qualities of Defendant's products and services.

73.     The Void has been, and absent injunctive relief, will continue to be, irreparably harmed by Defendant's actions.

74.     Based on Defendant's conduct, as set forth above, The Void has a private right of action against Defendant for unfair competition under Utah Code 413-5a-10, *et seq.*

75.     The Void has no adequate remedy at law for Defendant's unfair competition.

76.     The Void is entitled to damages in an amount to be proven at trial, as well as The Void's attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

(Declaratory Judgment)

77.     The allegations set forth above are incorporated herein by this reference.

78.     A controversy exists between the parties to this action that warrants the Court to declare whether Defendant can validly claim that the INTO THE VOID FX and DESIGN mark was in use in commerce as of February 11, 2010.

17

79.     A controversy exists between the parties to this action that warrants the Court to declare whether Defendant abandoned any rights it may have had in the INTO THE VOID FX and DESIGN mark.

80.     A controversy exists between the parties to this action that warrants the Court to declare whether Defendant has violated 18 U.S.C. § 1001 by misrepresenting the date of first use in commerce of the INTO THE VOID FX and DESIGN mark to the United States Patent and Trademark Office.

### Prayer for Relief

WHEREFORE, The Void prays for judgment against Defendant as follows:

1.     Under all claims for relief, that an injunction be issued enjoining Defendant, its employees, agents, successors, and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(a)     imitating, copying, or making unauthorized use of The Void Marks, including but not limited to using the name or marks THE VOID® and THE VOID LOGO®, or any confusingly similar variations thereof, in any manner in the United States;

(b)     importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying in the United States any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of any or all of The Void Registrations;

(c)     using in the United States any simulation, reproduction, counterfeit, copy, or colorable imitation of The Void Registrations, or any confusingly similar variations thereof, in

connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any product or service;

(d)     using in the United States any false designation of origin or false description (including, without limitation, any letters or symbols constituting The Void Marks), or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed, or sold by Defendant is in any manner associated or connected with The Void, or is sold, manufactured, licensed, sponsored, approved, or authorized by The Void;

(e)     transferring, consigning, selling, shipping, or otherwise moving in the United States any goods, packaging, or other materials in Defendant's possession, custody, or control bearing a design or mark substantially identical to any or all of The Void Marks;

(f)     engaging in any false advertising or other activity in the United States constituting unfair competition with The Void with respect to The Void Marks or constituting an infringement of The Void Marks, or of The Void's rights in, or to use or exploit, The Void Marks; and

(g)     instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2.     For an order directing that Defendant recall and deliver for destruction all products, labels, tags, signs, prints, packages, videos, advertisements, and other materials in its possession, or under its control, bearing or using The Void Marks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, pursuant to 15 U.S.C. § 1118.

19

3.      For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold, or otherwise circulated or promoted by Defendant is authorized by The Void or related in any way to The Void's products or services.

4.      For an order requiring Defendant to abandon trademark application numbers 87/181,540 and 86/605,205 and refrain from filing any additional trademark applications for any trademark using the name THE VOID, or any confusingly similar variations thereof, in any manner in the United States**.**

5.      For an order directing that Defendant file with the Court and serve upon The Void's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the above.

6.      For an order requiring Defendant to file with the Court and provide to The Void an equitable accounting and disgorgement of all revenues and/or profits wrongfully realized by Defendant.

7.      For an award of interest, including pre-judgment interest, on the foregoing sums.

8.      For an order directing that this Court retain jurisdiction of this action for the purpose of enabling The Void to apply to the Court at any time for such further orders, or for the interpretation, execution, or modification of any order entered in this action, as necessary to enforce Defendant's compliance with the judgment and to punish any violations thereof.

9.      Under the Fourth Claim, for an order declaring:

(a) that the INTO THE VOID FX and DESIGN mark was not in use in commerce as of February 11, 2010;

(b) that Defendant abandoned any rights it may have had in the INTO THE VOID FX and DESIGN mark; and

(c) that Defendant has violated 18 U.S.C. § 1001 by misrepresenting the date of first use in commerce of the INTO THE VOID FX and DESIGN mark to the United States Patent and Trademark Office.

10.     For such other and further relief as the Court may deem just and proper.

Dated:  October 10, 2016

Respectfully submitted,

**PHILLIPS RYTHER & WINCHESTER**
124 South 600 East
Salt Lake City, Utah 84102
Tel:     (801) 935-4935; Fax:  (801) 935-4936

By:     /s/ Jared L. Cherry
        *Attorneys for Plaintiff*